IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DANA S. LECOMPTE, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-16-03119 |
| MANEKIN CONSTRUCTION, LLC, | * | Bankruptcy No. JFS-15-18820 |
| Appellee. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Debtor Dana S. LeCompte ("Appellant" or "LeCompte") appeals from United States Bankruptcy Judge James F. Schneider's August 25, 2016 Order Granting the Motion of Manekin Construction, LLC ("Appellee" or "Manekin") for Sanctions and Entering Default Judgment under Rule 37(b)[1] of the Federal Rules of Civil Procedure against LeCompte based on his failure to respond to discovery requests. (ECF No. 3-34.)  The Default Judgment was entered following a hearing on Manekin's Motion for Sanctions.  Pursuant to this Judgment, Appellant's debt in the amount of $1,033,031.77 is not dischargeable under Section 523(a)(2)(A) and (a)(6) of the Bankruptcy Code.  11 U.S.C. § 523(a).

This Court properly exercises jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as Appellant's appeal arises from the Final Order entered by the United States Bankruptcy Court for the District of Maryland. (ECF No. 3-34.)  The parties' submissions

---

[1] Rule 37(b) of the Federal Rules of Civil Procedure is made applicable in bankruptcy proceedings by Rule 7037 of the Federal Rules of Bankruptcy Procedure.

have been reviewed, and this Court conducted a hearing and heard oral argument from counsel on April 6, 2017. Reviewing *de novo* Judge Schneider's legal conclusions, this Court holds that he correctly determined as a matter of law that Lecompte's failure to timely respond to appellee's written discovery requests constituted a violation of an Order of the Court. Furthermore, this Court holds that Lecompte had sufficient warning to comply with earlier warnings of the Court, following a prior entry of default. Accordingly, for the reasons that follow, the Bankruptcy Court's August 25, 2016 Order (ECF No. 3-34) entering a Default Judgment against Lecompte is AFFIRMED.

**BACKGROUND**

On August 21, 2014, Manekin filed a Complaint against LeCompte and other defendants in the Circuit Court for Howard County, Maryland ("Circuit Court"), seeking damages based on LeCompte's alleged fraud and breach of contract related to a construction project. (Appellant's Br., ECF No. 6 at 10.) LeCompte repeatedly failed to respond to the Complaint, and the state court granted Manekin's Motion for Default Judgment against LeCompte, entering judgment against him in the amount of $1,033,031.77. (*Id.*)

On June 22, 2015, following entry of the state court default judgment, LeCompte filed a petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, *et seq.*, in the United States Bankruptcy Court for the District of Maryland. (ECF No. 6 at 10.) The Meeting of Creditors was held pursuant to 11 U.S.C. § 341(a). (ECF No. 3-39.) On September 25, 2015, Manekin filed a Complaint in the Bankruptcy Court to Determine Dischargeability of Debt ("Non-Dischargeability Complaint"), seeking a determination that the debt owed to Manekin was not dischargeable by LeCompte in the bankruptcy

2

proceeding. (ECF No. 2-1.) Manekin sought non-dischargeability on the basis that the debt arose from "false pretenses, a false representation, or actual fraud," under Section 523(a)(6) of the Bankruptcy Code. (ECF No. 2-1 at 14.) LeCompte failed to respond to the Non-Dischargeability Complaint, just as he had failed to respond to the Howard County state action. On November 6, 2015, upon Manekin's request, the clerk entered LeCompte's default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[2] (ECF No. 3-7.) LeCompte failed to move timely to vacate the Entry of Default or otherwise respond. (Appellant's Br., ECF No. 7 at 4.) Accordingly, on November 9, 2015, Manekin filed a Motion for Default Judgment. The following day, on November 10, 2015, LeCompte filed an Answer to the Non-Dischargeability Complaint (ECF No. 2-2) and a Motion to Vacate the Entry of Default. (ECF No. 3-14.)

On December 16, 2015, the Bankruptcy Court held a hearing on Manekin's Motion for Default Judgment. (ECF No. 3-13.) At the hearing, the Bankruptcy Court vacated the Entry of Default and denied Manekin's Motion for Default Judgment. (ECF No. 3-29.) The Court issued an initial Scheduling Order (ECF No. 2-3), which it subsequently modified by Order dated May 24, 2016. (ECF No. 2-7.)

The parties undertook discovery, but LeCompte failed to timely respond to Manekin's Requests for Document Production and Interrogatories.[3] (ECF No. 6 at 4.)

---

[2] Rule 55(a) of the Federal Rules of Civil Procedure is made applicable in bankruptcy proceedings under Rule 7055 of the Federal Rules of Bankruptcy Procedure.

[3] Pursuant to Rule 33(b)(2) and Rule 34 (b)(2)(A) of the Federal Rules of Civil Procedure, made applicable in bankruptcy court proceedings under Rule 7033(b)(2) and Rule 7034(b)(2)(A) of the Federal Rules of Bankruptcy Procedure, LeCompte had 30 days to respond to both Manekin's Interrogatories and Request for Production of Documents.

Subsequently, Manekin filed a Motion for Sanctions on June 14, 2016. (ECF No. 2-8.) LeCompte then responded to Manekin's prior discovery requests, two weeks after they were due. (ECF No. 6 at 4.)

On August 17, 2016, the Bankruptcy Court held a hearing on Manekin's Motion for Sanctions. (ECF No. 6 at 5.) At the hearing, both parties were present and represented by counsel. On August 25, 2016, the Bankruptcy Court found that good cause existed to grant the Motion for Sanctions and sanctioned LeCompte by entering a Default Judgment against him pursuant to Rule 37(b).[4] (ECF No. 3-34.) On September 8, 2016, LeCompte timely noted his appeal of the Bankruptcy Court's Final Order granting default sanctions under Rule 37(b). (ECF No. 2-1.)

The Bankruptcy Court expressly relied on Rule 7037 as its authority for imposing sanctions and on the record cited several reasons for imposing sanctions on LeCompte. First, the Court noted that LeCompte never filed any response in the Circuit Court for Howard County, which resulted in a "million-dollar judgment" against him on the basis of fraud. (Hr'g Tr. at p. 20, ECF No. 4.) Additionally, the Bankruptcy Court emphasized that as a result of the state court judgment, LeCompte was on notice of the risks of continued failure to respond to judicial process. (*Id.*) Then, when LeCompte failed to timely answer Manekin's Complaint in the Bankruptcy Court, the clerk entered LeCompte's default. (ECF No. 3-3.) Ultimately, the Bankruptcy Court granted Manekin's Motion for Sanctions based on LeCompte's disregard of the Scheduling Order issued by the Court, evidenced by his

---

[4] The consequence of this sanction is that the debt owed by LeCompte to Manekin is not dischargeable in bankruptcy.

4

failure to timely respond to Manekin's discovery requests for document production and interrogatories. (*Id.* at 19–20.)

In his pending appeal, LeCompte argues that "the court erred in entering default judgment against the Appellant Mr. LeCompte as a sanction under Rule 37 for untimely responses to the plaintiff's discovery requests." (ECF No. 6 at 10.)

On March 23, 2017, nearly three months after this matter became ripe for this Court's resolution, new counsel for appellant, Mr. Jay B. Shuster, Esq., entered his appearance and filed a request for oral argument on this appeal. (ECF No. 9.) The request was granted, and this Court conducted a hearing on this appeal on April 6, 2017. (ECF No. 11.)

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure, which permits an appeal as of right from a judgment, order, or decree of a bankruptcy judge to a district court as authorized by 28 U.S.C. § 158(a)(1). On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *Kielisch v. Educational Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also In re Rood*, 482 B.R. 132, 141 (D. Md.

5

2012), *aff'd sub nom. S. Mgmt. Corp. Ret. Trust v. Rood*, 532 F. App'x 370 (4th Cir. 2013), and *aff'd sub nom. S. Mgmt. Corp. Ret. Trust v. Jewell*, 533 F. App'x 228 (4th Cir. 2013).

Bankruptcy Rule 7037 incorporates Rule 37(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that:

> [i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(vi). Relevant to this appeal, "the power to impose sanctions under Rule 37(b) is discretionary with the trial court and its exercise will be disturbed on appeal only for an abuse of discretion" or for failure by the trial court to clearly state its reasons for imposing a particular sanction. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977). "A court abuses its discretion when its conclusion is 'guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'" *Blue Cross Blue Shield of North Carolina v. Jemsek Clinic, P.A. (In re: Jemsek Clinic, P.A.)*, 2017 WL 838640, at *9 (4th Cir. Mar. 3, 2017) (quoting *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). "[B]ankruptcy courts have the inherent power to sanction parties who abuse the litigation process in bad faith." *In re: Jemsek Clinic, P.A.*, 2017 WL 838640, at *9 (citing *McGahren v. First Citizens Banks & Tr. Co. (In re Weiss)*, 111 F.3d 1159, 1171 (4th Cir. 1997)).

"In the case of default, the 'range of discretion is more narrow' than when a court imposes less severe sanctions." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quoting *Wilson*, 561 F.2d at 503). However, "it is well established that a federal court

may wield its inherent sanctioning powers when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *In re: Jemsek Clinic, P.A.*, 2017 WL 838640, at *9 (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013; *In re White*, 128 Fed. App'x. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

## ANALYSIS

Appellant raises several arguments in support of his position that the Bankruptcy Court committed clear error by entering Default Judgment against him as a sanction. These arguments are addressed in turn.

### I.     Appellant Failed to Obey a Discovery Order

Appellant first argues that "it was a clear error for the court to grant default sanctions under [Rule] 37(b) when no discovery order was violated." (ECF No. 6 at 10.) However, Appellant cites no authority supporting his assertion that a Scheduling Order is not a discovery order under Rule 37 of the Federal Rules of Civil Procedure. At the April 6, 2017 hearing, counsel for appellant recognized that a Rule 16 Scheduling Order constitutes an Order of the Court, but argued that Lecompte did not violate the Scheduling Order because he ultimately responded to appellee's discovery requests before the close of discovery.

The United States Court of Appeals for the Fourth Circuit has held that violation of a scheduling order issued under Rule 16(b) is included within the scope of Rule 37(b) sanctions. *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985). The *Rabb* court emphasized that "Rule 16 and Rules 26 through 37 are aimed at a common goal—providing

7

the parties with enough information so that they may fully prepare themselves for trial. . . . [Courts] speak of the joint purpose to be achieved by the pretrial conference and discovery." *Id.* "The consequence of this identity of purpose is . . . an identity of sanctions for noncompliance. . . . Among the sanctions which may be imposed are dismissal, default, preclusion of evidence or testimony, costs, and contempt for failure to comply with court orders." *Id.*

On May 24, 2016, the Bankruptcy Court issued a Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.[5] The Court's Scheduling Order incorporated not only the deadlines expressly set forth therein (e.g., for the close of discovery), *but also* the responsive discovery deadlines set forth therein (e.g., for responding to interrogatories). While Lecompte now asserts that he did not violate the Scheduling Order because he ultimately responded to all discovery requests by the close of discovery, the record clearly reflects (and Lecompte does not dispute) that the responses to Manekin's interrogatories were untimely. While the rules of procedure do contemplate that parties may require additional time in which to respond to discovery, the Fourth Circuit explained in *Rabb* that, in such circumstances, "the proper procedure would have been for [Appellant] to move for an extension of time within which to comply. [Appellant] made no such motion but instead chose to proceed according to his own timetable." *Rabb*, 769 F.2d at 1000. By choosing "to proceed according to his own timetable," appellant flouted the Bankruptcy Court's Rules of

---

[5] Rule 16 of the Federal Rules of Civil Procedure is made applicable in bankruptcy proceedings pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure.

8

Procedure and, thereby, the Court's Scheduling Order.[6]  Thus, reviewing *de novo* the Bankruptcy Court's legal conclusions, this Court finds that Judge Schneider correctly held as a matter of law that appellant's failure to timely respond to appellee's written discovery requests constituted a violation of an Order of the Court.  As noted above and explained below, this Court reviews the Bankruptcy Court's exercise of that authority based on the facts before it under the "clear error" standard.  *See Merry-Go-Round*, 400 F.3d at 224.  Accordingly, the Bankruptcy Court had the authority to sanction Appellant under Rule 37.

## II.  Sufficient Warning and Ample Opportunity to Comply

Appellant next argues that "the [Bankruptcy Court] abused its discretion by entering the harshest of sanctions permitted under Rule 37 without first issuing a warning and affording an opportunity to comply, or at least avoiding default when all discovery responses have been provided." (ECF No. 6 at 10.)  Appellant further claims that the "default sanction impedes Mr. LeCompte's fifth amendment due process rights." (*Id.* at 11.)

Appellant relies on *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 78 S. Ct. 1087, 1096, 2 L. Ed. 2d 1255 (1958) to support his argument that LeCompte's Fifth Amendment due process rights have been violated.  Lecompte's reliance on this case is misplaced.  As the Supreme Court explained in that case:

---

[6] Counsel's suggestion at oral argument that his compliance with all discovery requests before the discovery deadline in this case somehow 'cured' his untimely responses to these requests is unavailing.  Extrapolating on counsel's argument, a party seeking to delay or otherwise obstruct discovery could wait until the eve of the close of discovery to produce responsive discovery.  Such tactics would either deprive the opposing party of the opportunity to raise objections to any insufficient discovery responses—or force the Court to extend discovery to allow further inquiries to be conducted.  Such a result would render the Court's own Scheduling Order a practical nullity and undermine the Court's ability to manage the cases before it.  The responsive discovery deadlines built into the Federal Rules are intended to avoid precisely such a state of affairs.  *See, e.g.,* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.").

9

> "Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and **not to willfulness, bad faith, or any fault of petitioner**."

*Rogers*, 357 U.S. 197, 212, 78 S. Ct. 1087, 1096, 2 L. Ed. 2d 1255 (1958) (emphasis added). *Rogers* is inapposite here because Appellant has not acted in good faith, and has consistently not complied with Court process, as explained in detail in Part III, below.

Moreover, there can be no doubt that Appellant received sufficient warning of the threat of sanctions and had ample opportunity to comply with the Federal Rules of Bankruptcy Procedure. First, as Judge Schneider indicated on the record, a default judgment had been entered against LeCompte in state court, so Appellant was on notice of the consequences of failure to comply with court orders. (*See* Hr'g Tr., ECF No. 4 at 20.) Second, when LeCompte failed to timely answer Manekin's Complaint in the Bankruptcy Court, the clerk entered LeCompte's default. (ECF No. 3-3.) The risk of noncompliance was thus abundantly clear. When the Bankruptcy Court vacated its Entry of Default, it gave LeCompte another chance to participate in the litigation and defend his interests. (ECF No. 3-21.) Yet, LeCompte once again ignored the Court's order when he failed to timely respond to Manekin's discovery requests. (ECF No. 6 at 4.) At the August 25, 2016 hearing, Judge Schneider afforded Appellant the opportunity to justify this failure, but ultimately, in the exercise of his discretion, concluded that sanctions were warranted. (ECF No. 3-34.)

At the April 6, 2017 hearing, counsel for appellant further argued that Rule 37 requires the Court to issue a separate order (such as a Show Cause Order) before imposing sanctions. Appellant referred to this Court's decision in *Franklin v. Tri-Cty. Council for the Lower E. Shore of Maryland*, ELH-SAG-15-786, 2016 WL 3653966, at *3 (D. Md. July 8, 2016),

10

in which Magistrate Judge Gallagher noted that "the Fourth Circuit requires district courts to "'provide explicit and clear notice when they intend to dismiss the plaintiff's action,'" or "precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice." *Franklin*, 2016 WL 3653966 (quoting *Okpala v. Computer Scis. Corp.*, 585 Fed. App'x. 298, 298 (4th Cir. 2014)). Unlike in this case, there had not been any prior entry of default against the *pro se* plaintiff in *Franklin*. Indeed, as counsel for appellee noted at oral argument, the Bankruptcy Court in the instant case "generously" chose to vacate the initial default which had been entered against Lecompte (and to deny appellee's first motion for default judgment) based on his failure to respond timely to appellee's complaint.

As LeCompte had sufficient warning and ample opportunity to comply with the Federal Rules of Bankruptcy Procedure, and as LeCompte was provided with both notice of the Court's intention to order sanctions, and as a hearing on the matter was conducted, it cannot be said that Lecompte was not given an "explicit and clear threat" of dismissal, or that the Bankruptcy Court's Entry of Default Judgment against LeCompte violated his Fifth Amendment right to due process. Accordingly, Appellant's second argument is without merit.

### III. Default Judgment was Appropriate under the *Wilson* Factors

Appellant asserts that "the *Wilson* four-part test, along with relevant case law, lends itself to proving that the bankruptcy court exceeded the narrow range of discretion afforded to trial courts when imposing sanctions under Rule 37." (ECF No. 6 at 11.) In *Wilson v. Volkswagen of Am., Inc.*, the United States Court of Appeals for the Fourth Circuit identified

11

four factors for courts to consider in determining whether to sanction with a default judgment under Rule 37: (1) whether the noncomplying party acted in bad faith; (2) whether the moving party was prejudiced; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Wilson*, 561 F.2d 494, 503–06 (4th Cir. 1977).[7] This Court reviews the Bankruptcy Court's factual findings with respect to the *Wilson* factors for clear error. *See Merry-Go-Round*, 400 F.3d at 224.

### A. Bad Faith

LeCompte argues that his "two-week delay in responding to [Manekin]'s interrogatories and document production requests is hardly indicative of bad faith." (ECF No. 6 at 16.) Bad faith can be established by "noncompliance [or] haphazard compliance . . . [with] discovery orders." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989). Additionally, a party's failure to provide a "satisfactory reason why its discovery responses were not timely" is further evidence of bad faith. *Aerodyne Sys. Eng'g., Ltd. v. Heritage Int'l. Bank*, 115 F.R.D. 281, 290 (D. Md. 1987). It is not sufficient for a party to assert that it was "busy tending to other matters." *Id.* Repeated failure to comply with discovery orders is sufficient to establish bad faith because repeated noncompliance "demonstrates a pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93.

During the hearing on Manekin's Motion for Sanctions, Appellant argued that he should be held to a lesser standard under the Rules because "he's a mere construction worker" and "not very well educated." (Hr'g Tr., ECF No. 4 at 14.) However, Appellant

---

[7] At oral argument, counsel for Lecompte referred not to *Wilson*, but to *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212 (table) (4th Cir. 1998), a subsequent case which followed the *Wilson* test.

12

provided no "satisfactory reason" reason why he could not comply with the Rules. Even more importantly, Appellant was represented by counsel throughout the litigation in Bankruptcy Court. In light of LeCompte's repeated failure to comply with court orders, it was not clear error for Judge Schneider to conclude that, based on the history of this case, LeCompte acted in bad faith.

### B. Prejudice

Appellant also claims that his late discovery responses did not prejudice Manekin. (ECF No. 6 at 17.) Prejudice may result "from the haphazard manner of production and the incompleteness of the discovery, as well as from the uncertainty as to the accuracy of information already provided." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 91. Additionally, a party may be prejudiced by "both the unwarranted expenditure of time and money and the inability to effectively prosecute their case." *Manheim Remarketing, Inc. v. Wallace (In re Wallace)*, 2013 WL 5806228, at *5 (Bankr. D. Md., Oct. 29, 2013).

Manekin was undoubtedly prejudiced by the "unwarranted expenditure of time and money." *In re Wallace*, 2013 WL 5806228, at *5. As a result of Appellant's repeated failure to comply, "Manekin was forced to prepare the Motion for Sanctions, appear at the hearing for the same, and now defend the award of sanctions on appeal." (ECF No. 7 at 17.) Additionally, litigation between Manekin and LeCompte has been unnecessarily delayed by LeCompte's repeated non-compliance, which has prejudiced "Manekin's ability to present its case at trial." (*Id.* at 17–18.) Thus, it was not clearly erroneous for the Bankruptcy Court to determine that Manekin was prejudiced by LeCompte's repeated failure to respond.

13

## C. Deterrence and Effectiveness of Lesser Sanctions[8]

Finally, Appellant's assertion that "a default sanction of over one million dollars is unduly harsh" misstates the nature of the Bankruptcy Court's Order. (ECF No. 6 at 11.) The Court did not impose a sanction of one million dollars; rather, the one million dollar figure reflects the amount in controversy in the underlying litigation, in which LeCompte refused to participate in the manner required under the Rules.

Sanctions serve the purpose of not only preventing prejudice to the opposing party, but also deterring others. *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504 (4th Cir. 1977). In *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, the Fourth Circuit held that "entry of a default judgment was warranted both as a deterrent and as a last-resort sanction following the [defendant's] continued disregard of prior warnings." *Anderson*, 155 F.3d 500, 505 (4th Cir. 1998).

Similar to *Anderson*, Appellant disregarded the prior warnings and sanctions he received. LeCompte's non-compliance in state court resulted in a default judgment being entered against him in that court on charges of fraud. (ECF No. 6 at 10.) It was this default judgment which caused LeCompte to file the Bankruptcy petition. When LeCompte again refused to comply with a court order in Bankruptcy Court, that court could reasonably conclude that lesser sanctions were insufficient, and that a default judgment was warranted.

In sum, the Bankruptcy Court's Order entering Default Judgment against LeCompte for his failure to comply with the Court's discovery order was not clearly erroneous and must be affirmed.

---

[8] This section addresses the third and fourth *Wilson* factors.

14

## CONCLUSION

For the reasons set forth above, United States Bankruptcy Judge James F. Schneider's August 25, 2016 Order Granting Manekin's Motion for Sanctions and Entering Default Judgment (ECF No. 3-34) is AFFIRMED.

A separate Order follows.

Dated: April 7, 2017

                                                                                      /s/
                                                Richard D. Bennett
                                                United States District Judge